UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHANE R. WOODS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:23-CV-75-HAB |
| | ) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff Shane R. Woods' ("Woods") appeal of the Social Security Administration's Decision dated October 5, 2022 (the "Decision") which found that Woods was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be remanded for further proceedings.

**ANALYSIS**

*Standard of Review*

    A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and

quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

***Procedural Background***

Woods applied for disability benefits in May 2017 alleging that he became disabled on May 1, 2017. (R. 165, 183, 1023). His applications were denied initially and upon reconsideration. (R. 92, 101). Following a hearing, the ALJ issued an unfavorable decision on February 27, 2019. (R. 15-24). The Appeals Council denied Woods' request for review, and Woods appealed to this Court.

This Court reversed the ALJ's decision and remanded for further proceedings on July 16, 2021. (R. 1064; *Woods v. Kijakazi*, 3:20cv346-JVB). Upon remand a different ALJ held a hearing in August 2022. The ALJ issued a new unfavorable decision on October 5, 2022 (R. 958-75). This appeal followed.

The parties agree that remand is appropriate in this case. However, Woods requests a remand for an award of benefits, while the Commissioner seeks a remand for further proceedings under Sentence 4 of 42 U.S.C. 405(g).

***The ALJ's Decision***

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether

the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). If step four is answered in the affirmative, the inquiry stops and the claimant is found to be not disabled. If step four is answered in the negative, the ALJ proceeds to step five.

Here, the ALJ found that Woods met the insured status requirements of the Social Security Act through December 31, 2022.  At step one, the ALJ found that Woods did not engage in substantial gainful activity since May 1, 2017, the alleged onset date. At step two, the ALJ determined that Woods had the following severe impairments: degenerative changes of the spine with prior lumbar and cervical fusion surgeries; left hip osteoarthritis with hip replacement resulting in various diagnoses such as unspecified back ache; lumbago; and post-laminectomy syndrome not otherwise characterized. (R. 961).The ALJ further found that Woods had the non-severe impairments of embolism and thrombosis of the arteries in the upper extremities, and hyperinflation of the lungs.

At step three, the ALJ found that Woods did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)". (R. 963). At step four, the ALJ found that Woods had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is limited to lifting, carrying, pushing, and pulling ten pounds frequently and occasionally. The claimant can sit at least six hours in an eight-hour workday and stand and/or walk two hours in an eight-hour workday. The claimant should not climb ropes, ladders, or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can occasionally bend and stoop in addition to what is required to sit. The claimant can occasionally use ramps and stairs. Aside from use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces. The claimant should avoid working upon wet and slippery surfaces. The claimant can perform the balance required of such activities. The claimant should avoid work within close proximity to open and exposed heights and open and dangerous machinery such as open flames and fast-moving exposed

> blades. The claimant can occasionally use foot controls. The claimant can occasionally reach over head with the non-dominant upper extremity. The claimant should not perform work requiring driving of motor vehicles as a required task. The claimant may require a cane for prolonged ambulation.

(R. 965).

Also at step four, the ALJ found that Woods is unable to perform any past relevant work. (R. 972). However, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Woods can perform. Thus, the ALJ ruled that Woods was not disabled, as defined in the Social Security Act. (R. 975).

### *The ALJ's Evaluation of the Medical Opinions*

After setting forth the RFC, the ALJ meticulously detailed Woods' medical history and his function reports. (R. 966-72). The ALJ noted Woods' degenerative spine disease as well as his back surgeries, hip replacement surgery, and right shoulder surgeries. (R. 967). The ALJ stated that "although a lumbar myelogram noted some abnormal signs, postoperative imaging was also generally unremarkable." (*Id*). The ALJ continued to assess the medical records reciting that in exams in 2017, Woods exhibited a normal gait; 5/5 strength; a negative Spurling, Hoffman, Babinski, and Lhermitte's sign; a normal range of motion of the upper extremities; a normal strength and tone of the upper extremities; the ability to do heel and toe raises without difficulty; a negative straight leg raise; and symmetric deep tendon reflexes. (*Id*.).

With respect to Dr. Gupta's consultative examination, the ALJ noted that Woods reported pain and difficulties, and that the exam showed he had antalgic gait, a spinous and paraspinal tenderness, restricted range of motion, and some weakness in both hands. However, the ALJ further noted that Woods "also exhibited no anatomic deformities; a negative straight leg raise; no stiffness, atrophy, or edema of the bilateral upper extremities; 5/5 strength in the upper and lower

extremities; the ability to button, zip, and pick up coins; a normal sensation and vibration; the ability to stoop and squat with difficulty; the ability to heel, toe, and tandem walk without difficulty; the ability to get on and off the examination table without difficulty; the ability to stand from sitting without difficulty; a normal coordination; and symmetric deep tendon reflexes." (R. 968). It was further noted that:

> as of November 2017, or within about six months of the alleged onset date, clinical findings through the treating providers revealed use of a cane but no limp. Despite use of a cane and complaints of pain and tenderness, he had normal gait, no tenderness to the cervical spine, no atrophy, no instability to the cervical spine, 5/5 upper extremity strengths, 5/5 lower extremity strengths, full deep tendon reflexes, normal strengths of the extremities, no lumbar tenderness, limited lumbar motion but no pain with motion, no instability of the lumbar spine, lumbar/sciatic tenderness, and positive straight leg raises on the right. He denied bowel/bladder issues, weakness and paralysis. Spurlings, Hoffman's, Lhermittes, Babinski, Clonus and ankle and knee reflex tests were normal. Overall, tone and strengths were normal. Post lumbar-laminectomy syndrome and lumbar radiculopathy/ spondylosis/stenosis were all diagnosed.

(R. 968).

The ALJ continued to evaluate the medical record noting continued improvements and unremarkable examinations. (R. 969-70). The ALJ then spent several single-spaced pages discussing the opinions of Dr. Gupta and Dr. Gottlieb, again noting normal exam findings. (R. 970-72).

Woods argues that the ALJ erred by failing to adequately evaluate the supportability and consistency of the medical opinions. For Social Security disability claims filed after March 27, 2017, the ALJ must consider any medical opinions provided by a medical source using several factors, including supportability, consistency, relationship with the claimant, and specialization. 20 CFR 404.1520c(c)(1)–(5). The most important factors considered when determining the persuasiveness of a medical source opinion are supportability and consistency. 20 CFR 404.1520c(b)(2). Therefore, an ALJ must "explain how [they] considered the supportability and

consistency factors for a medical source's medical opinions . . . in [the claimant's] determination or decision." An ALJ may explain how they considered the other factors, but this is not required. *Id*.

Here, Woods contends that the ALJ failed to provide an explanation as to how the medical findings were consistent with or supportive of the consultants' opinions and also did not clarify why he considered the opinions to be only "somewhat" persuasive, instead of fully persuasive or unpersuasive. Woods also alleges that the ALJ did not provide sufficient justification for favoring the limitation to sedentary work over potentially disabling opinions from other sources. The Commissioner acknowledges that remand is appropriate to permit the ALJ to provide a more detailed explanation of how he resolved the conflicting evidence. (Response at 4).

As noted earlier, Dr. Gupta concluded that Woods had difficulty performing work-related activities such as sitting, standing, walking, lifting, carrying, and handling objects due to pain in the lower back and neck. (R. 768). Woods argues that Dr. Gupta's opinion is consistent with the evidence, including the opinion of Woods' treating surgeon, Dr. Gottlieb. Woods thus concludes that this Court should find that the evidence supports only one outcome, *i.e.* that Woods is disabled, and remand for an award of benefits.

The Commissioner correctly points out that Woods is requesting this Court to re-weigh the evidence, which is not permitted. The Commissioner notes that Dr. Gupta did not identify specific functional limitations, nor did he explain the degree of difficulty that Woods would experience when doing work related activities. The Commissioner emphasizes that the ALJ noted that Dr. Gupta's report contained both abnormal findings (antalgic gait, tenderness) and normal findings (no stiffness or atrophy, full strength in arms and legs, ability to heel-toe and tandem walk, normal coordination and reflexes). (R. 971, 768). As discussed above, the ALJ also noted that even though there were complaints of ongoing pain, examinations showed normal gait and muscle strength. (R.

1227-28, 1241-42, 1300-01, 1310-11). The Commissioner thus concludes that due to the conflicting evidence, all factual issues have not been resolved, and remand for further proceedings is appropriate, rather than a remand for an award of benefits.

Clearly, there are factual issues that must be resolved and this is the job of the ALJ, not this Court. Thus, remand will be ordered so that the proper analysis of the medical record can take place. As remand is appropriate on this core issue, the Court will not address Woods' argument that the ALJ failed to meet the step five evidentiary burden with respect to the existence of a significant numbers of jobs Woods could perform.

## CONCLUSION

For the reasons set forth above, the Defendants' Decision is REVERSED and this case is REMANDED to the Social Security Administration for further proceedings consistent with this Opinion. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Commissioner of Social Security.

SO ORDERED on February 22, 2024.

/s Holly A. Brady
HOLLY A. BRADY, CHIEF JUDGE
UNITED STATES DISTRICT COURT